UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Melissa Hill,

Civil File No. _12·738 MJD/AJB___

        Plaintiff,

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

v.

Mark Dayton, in his official capacity
as the Governor of the State of
Minnesota; Lori Swanson, in her
official capacity as the Attorney
General of the State of Minnesota;
Gail Baez, in her official capacity as
the Managing Attorney of Hennepin
County; the City of Minneapolis;
Minneapolis Police Department
Officer Amy Vreeland; The United
States Federal Protective Service; and
an Unknown Number of Unnamed
and Unknown Agents of the United
States Federal Protective Service, in
Their Official and Individual
Capacities;

        Defendants.

Plaintiff Melissa Hill, by her attorneys of record, for her Complaint against the

Defendants above named, states as follows:

**<u>INTRODUCTION</u>**

1.     This case arises from an unjustified search and seizure of the Plaintiff, Ms.

Melissa Lynn Hill, by security guards working under the employ and/or direction of the

United States, agents of the Federal Protective Service (hereinafter "FPS") and an officer

of the Minneapolis Police Department (hereinafter "MPD") at the Federal Building located at 212 Third Ave South Minneapolis, MN 55402 (hereinafter "Federal Building"); and a trespass notice issued against Ms. Hill by the FPS and the MPD. Ms. Hill was unjustly singled out because of the content of her protected First Amendment speech. Defendants retaliated against Ms. Hill based on the content of her protected First Amendment speech by targeting her for a non-routine search and seizure without probable cause and issuing a trespass notice against her. Ms. Hill seeks a declaration that the actions of the Defendants violated her rights under the United States Constitution and Minnesota Constitution; a declaration that Minn. Stat. § 609.605 and Mpls. Code § 385.380 are unconstitutional on their face and as applied; compensatory and punitive damages for violation of her civil rights; costs and attorneys' fees; and injunctive relief to prevent injury to herself in the future.

## JURISDICTION AND VENUE

2.     This court has jurisdiction under, and by virtue of, 28 U.S.C. §§ 1331 and 1343 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3.     This action, as against the security guards and FPS agents, arises under the United States Constitution, as applied to federal employees. Bivens v. Six Unnamed Agents of the Fed. Bureau of Investigation, 403 U.S. 388 (1971).

4.     This action, as against MPD Officer Amy Vreeland, arises under the U.S. Constitution, as applied to state and/or local employees through 42 U.S.C. § 1983.

5.     This court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is founded in this judicial district based on 28 U.S.C. §§ 1391(e), as a substantial part of the acts complained of occurred in this district.

## PARTIES

7.      Plaintiff, Melissa Lynn Hill, is a resident of Minneapolis, Minnesota and a U.S. citizen.

8.      Defendant, the FPS, is a division of the United States Department of Homeland Security.

9.      Other named individual Defendants, as well as the unknown and unnamed individual Defendants, which were at all times relevant to this complaint employed by and/or working under the direction of the United States, through the FPS or otherwise.

10.     Defendant, Mark Dayton, is the Governor of the State of Minnesota (hereinafter "Governor").  In his official capacity, the Governor is the chief executive officer of the State of Minnesota (hereinafter "Minnesota").  As such, the Governor is responsible for the enforcement of the laws of the State of Minnesota.

11.     Defendant, Lori Swanson, is the Attorney General of Minnesota (hereinafter "Attorney General").  In her official capacity, the Attorney General is the chief legal officer of Minnesota.  As such, the Attorney General is responsible for the enforcement of the laws of Minnesota.

12.     Defendant, Gail Baez, is the Managing Attorney for Hennepin County (hereinafter "County Attorney").  In her official capacity, the County Attorney is the legal officer of Hennepin County responsible for prosecuting property crimes.  As such, the County Attorney is responsible for the enforcement of the laws of Minnesota in

Hennepin County.

13.     Defendant, the City, is a municipal entity organized under the laws of Minnesota, with the capacity to sue and be sued.  The City Council sets final policy on the creation and adoption of city ordinances.  The City is also the legal entity responsible for the police department known as the MPD.  The MPD has the traditional authority of police forces to enforce the laws of Minnesota and ordinances of City.

14.     Defendant, Amy Vreeland, is an officer of the MPD.

15.     When the names of the unknown and unnamed Defendants are ascertained, Plaintiff will seek leave to amend this complaint to indicate their names.

## FACTS

### Ms. Hill

16.     On the morning of June 9, 2011, Ms. Hill was walking on the public sidewalk in front of the Federal Building.

17.     Ms. Hill observed that part of a message that had been previously written in chalk on the public sidewalk in front of the Federal Building, reading "Don't Enlist Resist," had been erased so that it now read simply "Enlist".

18.     Ms. Hill decided to use chalk to rewrite the portion of the message that had been erased.

19.     The chalk used was typical "sidewalk chalk" made of calcium sulfate, a material that is not permanent and is easily erasable with plain water.

20.     Writing on a public sidewalk with sidewalk chalk is not illegal nor is it

4

prohibited under Federal, Minnesota or Minneapolis law.

21.     While in the process of writing, Ms. Hill was commanded to stop by security guards at the Federal Building, employed by or working under the direction of the United States (hereinafter, "Security Guards").

22.     The Security Guards handcuffed Ms. Hill, confiscated her backpack and led her to a room within the Federal Building.

23.     Ms. Hill was detained in this room and not permitted to leave.

24.     Ms. Hill was kept in handcuffs during the entire length of her detention.

25.     During her detainment, Security Guards asked Ms. Hill a number of questions and conducted a search of Ms. Hill's possessions.

26.     Security Guards called another person employed by and working under the direction of the FPS (hereinafter, "Agent," collectively with Security Guards "FPS Agents").

27.     The Agent arrived approximately 20 minutes after Ms. Hill was detained.

28.     The Agent also questioned Ms. Hill and began searching Ms. Hill's possessions without permission from Ms. Hill.

29.     FPS Agents alleged to Ms. Hill that they knew she had written the original message.

30.     FPS Agents viewed video footage taken by a Federal Building security camera previous to June 9th, allegedly showing Plaintiff writing the original message.

31.     FPS Agents called the MPD and requested their assistance.

32.     Approximately 45 minutes after Ms. Hill was detained, Amy Vreeland, an

MPD officer (hereinafter, "Officer Vreeland"), arrived at the Federal Building.

33.     Officer Vreeland continued the detainment and interrogation of Ms. Hill

34.     FPS Agents and Officer Vreeland all viewed the aforementioned video footage.

35.     Under advisement and at the request of FPS Agents, Officer Vreeland issued Ms. Hill a trespass notice and then escorted her from the property.

36.     This trespass notice prohibits Ms. Hill from entering the property of the Federal Building for a period of one year, with a violation potentially subjecting her to arrest, criminal prosecution and criminal penalties including imprisonment of up to 90 days, a fine of up to $1000 or both

37.     No criminal charges were filed against Ms. Hill.

38.     Ms. Hill filed a Freedom of Information Act request with the Department of Homeland Security regarding the incident outlined in Paragraphs 16 through 37.

39.     The FPS incident report included in the Department of Homeland Security's response to this request referred to Ms. Hill several times as "an antiwar advocate."

40.     As a result of the search and seizure to which she was subjected, without probable cause, Ms. Hill felt extremely violated and degraded.

41.     As a result of the stop and search to which she was subjected and the trespass notice that was issued to her, Ms. Hill has been dissuaded from exercising her First Amendment rights in the vicinity of the Federal Building.

42.     As a result of the trespass notice issued against her, Ms. Hill is subject to

arrest if she exercises her First Amendment rights in public fora in the vicinity of the Federal Building.

**The FPS and MPD**

43.     Defendant FPS Agents acted unlawfully by seizing and searching Ms. Hill without probable cause, and by advising and requesting the issuance of a trespass notice against her.  The Defendants did not have any reasonable or legal justification for the seizure or search of Ms. Hill or requesting that a trespass notice be issued against Ms. Hill.

44.     At all relevant times, the FPS and its officers, employees and agents and Federal Building security guards employed and/or working under the direction of the United States were acting under color of federal law.

45.     Defendant FPS has a duty to properly supervise FPS agents and security guards working at the Federal Building.  The FPS breached that duty by:

    (a)     Improperly authorizing, encouraging, or directing FPS agents and Federal Building security guards to engage in non-routine personal searches and seizures, without probable cause and without sufficient legal basis, and/or condoning such searches and seizures, based on hostility towards the content of protected First Amendment speech;

    (b)     Improperly authorizing, encouraging, or directing FPS agents and Federal Building security guards to advise and request the issuance of trespass notices without legal or reasonable justification, and/or condoning such action, based on hostility towards the content of

protected First Amendment speech; and

(c)     Failing to properly train and instruct and/or to properly supervise

and exercise reasonable control over FPS agents and Federal

Building security guards to prevent hostility towards the content of

protected First Amendment speech from influencing the selection of

persons to be searched and seized, or from influencing when the

issuance of trespass notices is advised.

46.     Defendant Officer Vreeland acted unlawfully by continuing the seizure of Ms. Hill without probable cause, and by issuing a trespass notice against her.  The Defendant did not have any reasonable or legal justification for the continued seizure of Ms. Hill or issuance of a trespass notice against Ms. Hill.

47.     At all relevant times, Officer Vreeland was acting under color of state law

48.     The City has a duty to properly supervise all MPD officers.  The City, and the named individuals breached that duty by:

(a)     Improperly authorizing, encouraging, or directing MPD officers to

engage in non-routine personal searches and seizures, without

probable cause and without sufficient legal basis, and/or condoning

such searches and seizures, based on hostility towards the content of

protected First Amendment speech;

(b)     Improperly authorizing, encouraging, or directing MPD officers to

issue trespass notices without legal or reasonable justification, and/or

condoning such action, based on hostility towards the content of

protected First Amendment speech;

(c)     Recklessly permitting the issuance of trespass notices without

independent evaluation by a Supervisor of whether the issuance of

such trespass notice was justified; and

(d)     Failing to properly train and instruct and/or to properly supervise

and exercise reasonable control over MPD officers to prevent

hostility towards the content of protected First Amendment speech

from influencing the selection of persons to be searched and seized,

or from influencing the issuance of trespass notices.

49.     As a direct and proximate cause of Defendant's actions, Plaintiff has

suffered humiliation, embarrassment and loss of personal integrity and dignity.

50.     Trespass Ordinances were utilized to deprive Plaintiff of her

constitutionally protected liberty interest of exercising her First Amendment rights in a

public forum without providing constitutionally adequate procedural due process for this

deprival.

51.     As a result of Defendant's actions and/or omissions, Plaintiff has been

prevented from lawfully exercising her First Amendment rights.

52.     The actions and/or omissions of the Defendants are the direct and

proximate cause of all the constitutional violations alleged here, and it was reasonably

foreseeable that these constitutional violations would occur.

53.     The actions and/or omissions of the Defendants described herein were

conducted intentionally, willfully, maliciously and/or negligently and with callous,

reckless, and deliberate indifference to the constitutional rights of Plaintiff.

**Minn. Stat. § 609.605/ Mpls. Code § 385.380**

54.     Ms. Hill has a constitutionally protected liberty interest to be in city lands of her choosing which are open to the public generally and constitute a public forum.

55.     Upon information and belief, the public sidewalk located in front of the Federal Building is one such area of city land that is open to the public generally and constitutes a public forum.

56.     Defendants deprived Ms. Hill of this constitutionally protected liberty interest by issuing a trespass notice against her which banned her from the public sidewalk located in front of the Federal Building.

57.     When the government deprives a citizen of life, liberty or property, constitutional due process requires the government to provide sufficient notice and opportunity for a hearing appropriate to the nature of the case at a meaningful time and in a meaningful manner.

58.     Minn. Stat. § 609.605 and Mpls. Code § 385.380 (hereinafter "Trespass Ordinances") provide authority for agents of the State and/or the City to issue trespass notices against citizens barring them from certain property when the lawful possessor of the property demands departure from it.

59.     These Trespass Ordinances apply to public as well as private property and allow agents of the government to demand departure from public fora in the vicinity of federally owned buildings, and subsequently have a trespass notice issued against an individual for any reason whatsoever, including constitutionally impermissible retaliation

against the content of protected First Amendment speech.

60.     These Trespass Ordinances therefore grant total discretion to government agents to bar citizens from public spaces which constitute a public forum.

61.     During the times relevant to the events described in this complaint, the State, the City and the MPD failed to provide a clear and concise policy and/or guidance regarding the issuance of trespass notices against citizens for public spaces constituting a public forum, and have given agents wide latitude to issue a trespass notice against almost anyone for any reason whatsoever.

62.     As previously established, Officer Vreeland issued Ms. Hill such a trespass notice which barred her from entering the Federal Building or Sidewalk.

63.     The Trespass Ordinances lack any mechanism which provides notice or opportunity to contest trespass notices issued for public fora.

64.     Neither the State, the City or the MPD has provided Ms. Hill with any notice or opportunity to contest the trespass order issued against her.

65.     In all of these ways, Minn. Stat. § 609.605 and Mpls. Code § 385.380 lack constitutionally adequate procedural protection as they are presently written and enforced.

**Injunctive Relief**

66.     Through the Defendant's utilization of Trespass Ordinances, Plaintiff has been deterred from engaging in First Amendment activity and has been deprived of a constitutionally protected liberty interest without requisite due process of law.

67.     Plaintiff is fearful that she will suffer the same repeated violations of her

rights by Defendants when she engages in First Amendment activities while in public

fora in the future.

68.     Plaintiff has suffered irreparable harm and, absent extraordinary relief from

this Court, will  continue to suffer irreparable harm through being subjected to

unwarranted restrictions on her First and Fourteenth Amendment rights of the U.S.

Constitution.

69.     Absent injunctive relief, Plaintiff has no adequate remedy at law.

**COUNT I**
**Illegal Search and Seizure (Fourth Amendment)**
(Against FPS, FPS Agents and Officer Vreeland)

70.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 69.

71.     This is a claim for violation of the Fourth Amendment of the U.S.

Constitution.

72.     FPS agents, Federal Building security guards and MPD officers must be

able to articulate a reasonable suspicion of criminal conduct prior to the search and

seizure of a citizen.

73.     The Defendants had no reasonable basis for suspicion of illegal conduct to

warrant a stop, detention, interrogation or search of Ms. Hill, as writing on a public

sidewalk with sidewalk chalk is not illegal nor is it prohibited under Federal, Minnesota

or Minneapolis law.

74.     The Defendants also targeted Ms. Hill specifically because of the content of

her protected First Amendment speech.

75.     The Defendants asserted a basis for their alleged suspicion, that Ms. Hill

12

was writing on the sidewalk in front of the Federal Building in chalk, that is not

reasonable and was merely a pretext for retaliating against Ms. Hill based on the content

of her protected First Amendment speech.

76.     Conducting a search and seizure based on hostility towards the content of

protected First Amendment speech and without any reasonable basis for suspicion of

illegal conduct is an unconstitutional violation of the Fourth Amendment of the U.S.

Constitution.

77.     As a direct result of the unlawful acts of Defendants, Plaintiff has suffered

injury.  Compensatory and declaratory relief will prevent injury to Plaintiff when

exercising her First Amendment rights in the future, and, absent said relief, injury is

likely to recur.

**COUNT II**
**Violation of Due Process Protections (Fourteenth Amendment)**
(Against the Governor, the Attorney General, the Managing Attorney and the City)

78.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 77.

79.     This is a claim for violation of the Fourteenth Amendment of the U.S.

Constitution.

80.     On their face, Minn. Stat. § 609.605 and Mpls. Code § 385.380 are an

unconstitutional infringement of Plaintiff's affirmative right to due process of law, as

guaranteed by the Fourteenth Amendment of the U.S. Constitution.

81.     The Trespass Ordinances fail to establish minimal guidelines for MPD

officers and other State or City agents for the issuance of trespass notices for public fora,

granting them  unbridled discretion to determine when to issue a trespass notice for

public fora, for what behaviors, and for how long. This allows for arbitrary and discriminatory enforcement.

82.     Trespass Ordinances fail to include procedural safeguards, such as a mechanism for judicial review of issued trespass notices, subjecting Plaintiff to arbitrary and  discriminatory enforcement of an ordinance that allows government actors to deprive her of a constitutional liberty interest by banning her from public fora for long periods of time.

83.     The unconstitutional provisions of the Trespass Ordinances are so inherent to their meaning that they cannot be severed from the ordinances.

84.     The Trespass Ordinances should be stricken in their entirety as unconstitutional violations of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

## COUNT III
### Violation of Due Process Protections (Fourteenth Amendment)
(Against the Governor, the Attorney General, the Managing Attorney and the City)

85.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 84.

86.     This is a claim for violation of the Fourteenth Amendment of the U.S. Constitution.

87.     Minn. Stat. § 609.605 and Mpls. Code § 385.380 are being applied unconstitutionally against Plaintiff in violation of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

88.     Due in part or in whole to lack of sufficient guidelines, Officer Vreeland has issued a trespass notice against Plaintiff pursuant to Trespass Ordinances for

constitutionally impermissible reasons, resulting in arbitrary and discriminatory

enforcement.

89.     Plaintiff has been given no notice or opportunity for a hearing concerning

this trespass notice.

90.     Due to lack of procedural safeguards, Plaintiff has been subjected to

arbitrary and discriminatory enforcement of an ordinance that allowed government actors

to deprive her of a constitutional liberty interest by banning her from a public fora for a

long period of time.

91.     As a direct and proximate cause of the enforcement of Trespass Ordinances

pursuant to Defendants' actions and/or omissions, Plaintiff has been deprived of her due

process rights and has suffered irreparable harm.

**COUNT IV**
**Violation of Freedom of Speech (First Amendment)**
(Against the Governor, the Attorney General, the Managing Attorney and the City)

92.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 91.

93.     This is a claim for violation of the First Amendment of the U.S.

Constitution.

94.     Minn. Stat. § 609.605 and Mpls. Code § 385.380 are unconstitutional

infringements, on their face, of Ms. Hill's affirmative rights to freedom of speech and

expression as guaranteed by the First Amendment of the U.S. Constitution.

95.     On their face, the Trespass Ordinances act as a prior restraint on protected

First Amendment activity in traditional public fora such as public sidewalks by granting

government agents the power to deny use of a forum in advance of actual expression.

15

96.     Plaintiff is prohibited from engaging in protected First Amendment activity in the public fora covered by the trespass warning issued against her without first applying and receiving permission from the government entity advising the issuance of a trespass notice.

97.     The Trespass Ordinances fail to contain narrow, objective and definite standards to guide government agents in the issuance of trespass notices for public fora, and they lack procedural safeguards to guard against unlawful infringement on protected First Amendment activity.

98.     On their face, the Trespass Ordinances are an overbroad restriction that sweep into their ambit a substantial amount of constitutionally protected speech.

99.     The unconstitutional portions of the Trespass Ordinances are so inherent to their meaning that they cannot be severed from the ordinances.

100.    The Trespass Ordinances should be stricken in their entirety as facially unconstitutional in violation of the First Amendment of the U.S. Constitution.

## COUNT V
### Violation of Freedom of Speech (First Amendment)
(Against the Governor, the Attorney General, the Managing Attorney and the City)

101.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 100.

102.    This is a claim for violation of the First Amendment of the U.S. Constitution.

103.    Minn. Stat. § 609.605 and Mpls. Code § 385.380 are being applied in an unconstitutional manner against Plaintiff in violation of the First Amendment of the U.S. Constitution.

16

104.    The Trespass Ordinances are being applied in an unconstitutional manner to Plaintiff to prevent her from engaging in protected First Amendment activity in traditional public fora.

105.    Plaintiff is prohibited from engaging in protected First Amendment activity in the public fora covered by the trespass warning issued against her without first applying and receiving permission from the government entity advising the issuance of a trespass notice.

106.    Trespass notices for public fora issued pursuant to the Trespass Ordinances are acting as an unlawful prior restraint on Plaintiff's protected First Amendment activity in traditional public fora.

107.    Plaintiff is not able to engage in spontaneous expression in the traditional public fora covered by the trespass warning.

108.    As a direct and proximate cause of the enforcement of Trespass Ordinances pursuant to Defendants' actions and/or omissions, Plaintiff has been deprived of her Constitutional right to engage in protected First Amendment activity in a quintessential public fora.

109.    The Trespass Ordinances and their application to Plaintiff has a chilling effect on constitutionally protected expression, causing irreparable harm.

## COUNT VI
**Violation of Due Process Protections (Minnesota Constitution Article I Section 7)**
(Against the Governor, the Attorney General, the Managing Attorney and the City)

110.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 109.

111.    This is a claim for violation of Section 7 of Article I of the Minnesota

Constitution.

112. On their face, Minn. Stat. § 609.605 and Mpls. Code § 385.380 are an unconstitutional infringement of Plaintiff's affirmative right to due process of law, as guaranteed by the Article I Section 7 of the Minnesota Constitution.

113. The Trespass Ordinances fail to establish minimal guidelines for MPD officers and other State or City agents for the issuance of trespass notices for public fora, granting them unbridled discretion to determine when to issue a trespass notice for public fora, for what behaviors, and for how long. This allows for arbitrary and discriminatory enforcement.

114. Trespass Ordinances fail to include procedural safeguards, such as a mechanism for judicial review of issued trespass notices, subjecting Plaintiff to arbitrary and discriminatory enforcement of an ordinance that allows government actors to deprive her of a constitutional liberty interest by banning her from public fora for long periods of time.

115. The unconstitutional provisions of the Trespass Ordinances are so inherent to their meaning that they cannot be severed from the ordinances.

116. The Trespass Ordinances should be stricken in their entirety as unconstitutional violations of Section 7 of Article I of the Minnesota Constitution.

**COUNT VII**
**Violation of Due Process Protections (Minnesota Constitution Article I Section 7)**
(Against the Governor, the Attorney General, the Managing Attorney and the City)

117. Plaintiff realleges and incorporates by reference Paragraphs 1 through 116.

118. This is a claim for violation of Section 7 of Article I of the Minnesota

Constitution.

119.    Minn. Stat. § 609.605 and Mpls. Code § 385.380 are being applied unconstitutionally against Plaintiff and other citizens in violation of Section 7 of Article I of the Minnesota Constitution.

120.    Due in part or in whole to lack of sufficient guidelines, Officer Vreeland has issued a trespass notice against Plaintiff pursuant to Trespass Ordinances for constitutionally impermissible reasons, resulting in arbitrary and discriminatory enforcement.

121.    Plaintiff has been given no notice or opportunity for a hearing concerning this trespass notice.

122.    Due to lack of procedural safeguards, Plaintiff has been subjected to arbitrary and discriminatory enforcement of an ordinance that allowed government actors to deprive her of a constitutional liberty interest by banning her from a public fora for a long period of time.

123.    As a direct and proximate cause of the enforcement of Trespass Ordinances, Plaintiff has been deprived of her due process rights and has suffered irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants,

(a)    Declaring that the Defendants have violated the guarantees against unreasonable searches and seizures, due process of law and freedom of speech of the First, Fourth and Fourteenth Amendments of the United States Constitution;

(b)    Declaring that Minn. Stat. § 609.605 and Mpls. Code § 385.380 are facially unconstitutional under the First and Fourteenth Amendments of the U.S. Constitution and Section 7 of Article 1 of the Minnesota Constitution.

(c)    Declaring that Minn. Stat. § 609.605 and Mpls. Code § 385.380 are being applied unconstitutionally to Plaintiff under the First and Fourteenth Amendments of the U.S. Constitution and Section 7 of Article 1 of the Minnesota Constitution.

(d)    Permanently enjoining and prohibiting Defendants from interfering with Plaintiff's constitutionally protected rights under the First and Fourteenth Amendments of the U.S. Constitution.  Specifically, to enjoin Defendants from:

     i     Issuing trespass notices for public fora pursuant to Minn. Stat. § 609.605 and/or Mpls. Code § 385.380; and

     ii    Arresting Plaintiff for trespass under warning under Minn. Stat. § 609.605 and/or Mpls. Code § 385.380, pursuant to trespass warnings previously issued for public property under Minn. Stat. § 609.605 and/or Mpls. Code § 385.380.

(e)     Awarding damages to compensate Plaintiff for her injuries;

(f)     After proper motion if necessary, an order permitting the award of

punitive damages against Defendants to punish and deter them from

engaging in similar conduct in the future; and

(g)     Awarding costs and attorneys' fees; pre-judgment interest and any

other relief deemed necessary and proper.

Dated:  March 22, 2012

DORSEY & WHITNEY LLP

By Andrew Holly (MN Atty. No. 308171)
Brent J. Ylvisaker (MN Atty. No. 329549)
Meghan Lind (MN Atty. No. 389034)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
holly.andrew@dorsey.com
ylvisaker.brent@dorsey.com
lind.meghan@dorsey.com